**In re K. M. A., INC., Bankrupt.**

**K. M. A., INC., Plaintiff-Appellant,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORPORATION,
Defendant-Appellee.**

**No. 81–5421.**

United States Court of Appeals,
Fifth Circuit.
Unit B

July 16, 1981.

Kenneth T. Cooper, pro se.

William F. Beemer, Orlando, Fla., for General Motors Acceptance Corp.

Before RONEY, FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges.

BY THE COURT:

General Motors Acceptance Corporation moves to dismiss K.M.A., Inc.'s appeal because the notice of appeal for the corporate appellant, K.M.A., Inc., was not signed by an attorney.

In January 1980 when the trustee was about to pay General Motors Acceptance Corporation's claim arising from the Chapter X reorganization of K.M.A., Inc., K.M.A., by and through an attorney, filed an objection to the claim. After a trial, the bankruptcy court denied the objection. On appeal to the district court where K.M.A., Inc. was represented by counsel, relief to K.M.A., Inc. was denied. On April 20, 1981, the sole stockholder of K.M.A., Inc., a non-attorney, filed a notice of appeal for the corporation from the district court's adverse holding. He seeks to proceed *pro se* on behalf of the corporation.

■ The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel. *Commercial & Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *In re Victor Publishers, Inc.*, 545 F.2d 285 (1st Cir. 1976). This is so even when the person seeking to represent the corporation is its president and major stockholder. *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978).

■ It is not clear, however, whether the filing of the corporation's notice of appeal by someone who is not an attorney is sufficient to deprive this Court of its jurisdiction to consider the appeal. *Compare Strong Delivery Ministry Association v. Board of Appeals of Cook County*, 543 F.2d 32 (7th Cir. 1976), *and In re Highley*, 459 F.2d 554 (9th Cir. 1972), *with DeVilliers v. Atlas Corp.*, 360 F.2d 292 (10th Cir. 1966). We are mindful of the emphasis placed on flexibility and substance rather than form in the appellate rules, *see* Fed.R.App.P. 3(c), 26(b). Accordingly, IT IS ORDERED that General Motors Acceptance Corporation's motion to dismiss is hereby GRANTED, unless within 30 days of the entry of this order an attorney admitted to practice before this Court files an appearance to represent the corporate appellant, in which event the appeal shall not be dismissed.

DISMISSED.