33 F.3d 51
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
E. C. BOWLDS, Plaintiff Appellant,
and WAY OF THE CROSS, INCORPORATED, Plaintiff,
v.
Karen L. HICKS; Decatur Telecasting, Incorporated; Word Of
God Fellowship, Incorporated; Marcus Lamb;
Darryl Hicks, Defendants Appellees.
 No. 93-2008.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 28, 1994
Decided: August 22, 1994.
 
 Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.
 E. C. Bowlds, Appellant Pro Se.
 John Richardson Haworth, Haworth, Riggs, Kuhn, Haworth & Miller, High Point, North Carolina, for Appellees.
 Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant[1] appeals from the district court's order entering partial summary judgment in favor of Defendants and the magistrate judge's order entering judgment in accordance with the jury verdict. Our review of the record and the district court's opinion discloses that this appeal is without merit.[2] Accordingly, we affirm on the reasoning of the district court. Bowlds v. Hicks, No. CA-91-348-2 (M.D.N.C. July 2, 1992; June 30, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although the notice of appeal was filed on behalf of both Plaintiffs, we address only Bowlds' appeal because a corporation cannot proceed pro se and there has been no appearance by counsel on behalf of Way of the Cross. See In re K.M.A., Inc., 652 F.2d 398 (5th Cir.1981)
 
 
 [2]
 Although the contract between the parties included a choice of law provision that District of Columbia law was to apply, the parties argued and the district court applied North Carolina law to resolve the substantive issues. Because the relevant North Carolina law does not differ from the law of the District of Columbia, we need not address the propriety of applying North Carolina law. See Fed.R.Civ.P. 61