IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20632
Summary Calendar
_____

INDUSTRIAL MARITIME CARRIERS
(BAHAMAS) INCORPORATED,

Plaintiff-Appellee,

versus

LUXOR CALIFORNIA EXPORTS CORPORATION,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Southern District of Texas
(H-95-CV-5025)
_____
February 11, 1998

Before REAVLEY, KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a denial of a motion for continuance.
International Maritime Carriers, Inc. (IMC) sued Luxor California
Exports Corp. (Luxor) to recover damages in relation to a
shipping contract.  IMC filed its complaint on October 26, 1995,
and Luxor answered on November 30, 1995.  On February 24, 1997,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after discovery and an unsuccessful attempt at mediation, the district court set trial for June 24, 1997.

On April 15, 1997, Luxor's attorney filed a motion to withdraw as attorney of record, in part due to nonpayment of fees. On April 24, the district court granted the motion and gave Luxor thirty days to locate substitute counsel. On May 29, Luxor filed a letter with the court requesting a thirty day extension. On June 2, the court entered an order granting Luxor until June 12 to obtain a new lawyer. The order indicates that Luxor was notified, although Luxor claims it was not. Luxor subsequently sent the court two more letters requesting a continuance.

On June 23, the day before trial, Luxor faxed a letter to the court requesting an extension to obtain counsel. The court denied the request, and on June 24, a trial was held without the participation of Luxor and final judgment was rendered against Luxor.

*Discussion*

We review a district court's denial of a motion for continuance under an abuse of discretion standard, understanding that the trial court's "judgment range is exceedingly wide" on this issue.[1] In reviewing a denial of a motion for continuance,

---

[1]Fontenot v. Upjohn Co., 780 F.2d 1190, 1193 (5th Cir.

"we consider the particular circumstances of each case, especially the reasons that appellant presented to the trial court at the time the request was denied."[2]

A corporation can be represented only by legal counsel, and cannot appear in court on a *pro se* basis.[3] The trial court gave Luxor approximately two weeks in addition to the original thirty days to retain new counsel. Luxor asserts that it did not receive notification of the court's order. However, the court's docket reflects that the parties were notified. The source of Luxor's assertion is a post-judgment deposition, which would not have been before the district court when it made its decision, and thus should not be considered by this court.[4] Moreover, the trial date had been set four months before, and two months before Luxor's counsel withdrew. Even if Luxor somehow was not informed of the continuance, it still could have continued to attempt to locate new counsel.

Luxor argues that its changed circumstances——its business problems resulting from political turmoil in the areas it ships

---

1986); *see also* Command-Aire Corp. v. Ontario Mechanical Sales & Serv. Inc., 963 F.2d 90, 96 (5th Cir. 1992).

[2]United States v. Martinez, 686 F.2d 334, 339 (5th Cir. 1982).

[3]K.M.A., Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. Unit B 1981).

[4]*See* Topalian v. Ehrman, 954 F.2d 1125, 1131-32 n.10 (5th Cir. 1992).

to—constitute grounds for reversing the denial of continuance. However, changed circumstances generally refer to unexpected matters that develop on the eve of trial, such as illness of a key witness, illness of counsel, or newly discovered evidence.[5] Luxor's lack of counsel resulted from its inability to pay an attorney for a period of over a year before the trial date.

Luxor did not inform the court of its business problems until its letter the day before the trial. Luxor did not explain what actions it had taken to secure new counsel since the last continuance or how additional time would allow it to obtain the needed funds for counsel. The trial court did not abuse its discretion in refusing the request for a further continuance under these circumstances.

AFFIRM

---

[5]Daniel J. Hartwig Assocs., Inc. v. Kanner, 913 F.2d 1213, 1222-23 (7th Cir. 1990).