**VOLUMETRIC IMAGING, INC., Plaintiff,**

v.

**TELEDYNE, INC., d/b/a Teledyne Electronic Technologies, Defendant.**

**No. Civ.A. 96–10613–REK.**

United States District Court, D. Massachusetts.

June 15, 2000.

---

Robert C. Lawless, Lawless & Lawless, PC, Barnstable, MA, for Volumetric Imaging, Inc., plaintiff.

Volumetric Imaging, Inc., Dennis J. Solomon, President, Yarmouthport, MA, plaintiff pro se.

Natasha C. Lisman, Sugarman, Rogers, Barshak & Cohen, Boston, MA, for Teledyne Microelectronics, Inc., defendant.

Natasha C. Lisman, Sugarman, Rogers, Barshak & Cohen, Boston, MA, for Teledyne Microelectronics, Inc., counter-claimant.

Robert C. Lawless, Lawless & Lawless, PC, Barnstable, MA, for Volumetric Imaging, Inc., counter-defendant.

Volumetric Imaging, Inc., Dennis J. Solomon, President, Yarmouthport, MA, counter-defendant pro se.

Memorandum and Order

KEETON, District Judge.

### I. Pending Matters

Pending for decision are the following matters:

(1) Plaintiff's Motion For Relief Under Rule 60 (Docket No. 56, filed November 10, 1999);

(2) Shareholders' Motion For Leave To Intervene Under Rule 24 (Docket No. 57, filed November 10, 1999); and

(3) Defendant's Motion to Strike the Motions Filed By Dennis J. Solomon Under the Titles "Plaintiff's Extraordinary Motion For Relief Under Rule 60" And "Shareholder's Motion For Leave To Intervene Under Rule 24" (Docket No. 58, filed November 18, 1999).

This court ordered Final Judgment against the plaintiff corporation in this case on November 12, 1998. The attorney who had appeared for the corporation did not file a Notice of Appeal. Dennis J. Solomon filed a late purported Notice of Appeal. The Court of Appeals for the First Circuit, by Judgment of June 30, 1999, dismissed the purported appeal from the Final Judgment of this court and this court's later order of March 19, 1999, because Dennis J. Solomon, a non-lawyer, could not represent the corporation and had no standing to intervene.

### II. Representation of a Corporate Entity

Plaintiff's Motion For Relief Under Rule 60 (Docket No. 56) was presented to the Clerk for filing purportedly by the entity, Volumetric Imaging, Inc. It was signed, illegibly, and purportedly by Dennis J. Solomon, over the following typed words:

Dennis J. Solomon President,
Volumetric Imaging, Inc.
PO Box 289
Yarmouth Port, MA 02675

A corporate entity must appear in this court only by an attorney authorized to practice in this court. *Rowland v. California Men's Colony,* 506 U.S. 194, 201–03, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *In re Las Colinas Dev. Corp.,* 585 F.2d 7, 13 (1st Cir. 1978), *leave to proceed in forma pauperis on petition for cert. denied,* 439 U.S. 1063, 99 S.Ct. 829, 59 L.Ed.2d 29 (1979), *petition for rehearing denied, sub nom. Schreibman v. Walter E. Heller Co.,* 440 U.S. 931, 99 S.Ct. 1268, 59 L.Ed.2d 487 (1979); *In re Victor Publishers, Inc.,* 545 F.2d 285, 286 (1st Cir. 1976); D.Mass.L.R. 83.5.2(d) and 83.5.3. The core reasons for this rule were summarized in the following paragraph from an opinion of the First Circuit:

Corporations, despite their pervasive role in our modern society, are not human beings. Although we are prone to regard them as living entities, they are only creatures of the state subject to government regulation and control. One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney. There is nothing unfair, illegal or unconstitutional in this requirement.

*In re Las Colinas Development Corp.*, 585 F.2d at 13. An individual who is not an attorney authorized to appear in the district court is not authorized to appear for or sign pleadings on behalf of a corporate entity. *Id.* at 11–13. *See also In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir.1981).

 This rule applies to a person purporting to be president or some other official of the corporate entity, as well as to other individuals. I need not and do not undertake to decide whether in some exceptional and extraordinary circumstance a district judge may be authorized to permit, or to recommend to a higher court, a departure from this rule, or an allowance of an extension of time for appeal to enable a person to obtain an attorney to represent the corporation. *See, e.g., Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 629–31 (describing the circumstances in which an extension of time for notice of appeal may be granted for "good cause" or "excusable neglect"); *see also* Fed.R.App.P. 4(a)(5). In this instance no excuse or showing of exceptional circumstances has been proffered.

 The Shareholders' Motion For Leave To Intervene Under Rule 24 (Docket No. 57) also was presented to the Clerk for filing purportedly on behalf of Volumetric Imaging, Inc. by Dennis J. Solomon, but in this instance taking the position that the entity was appearing not as a party but as an entity seeking to intervene on behalf of shareholders to protect private property interests and judicial resources. No precedent exists for such a representation of the interests of others by a person not authorized to appear as an attorney in the court.

## III. Representation By One Individual of Another Individual

If Docket No. 57 were treated as an effort by Dennis J. Solomon to represent himself, or other individuals, the motion would fare no better.

It fails to state any basis on which he as an individual has shown any standing or has asserted any claim over which this court would have authority under applicable law to grant him relief. *See* Judgment of the Court of Appeals dismissing appeal in this case, June 30, 1999, cited in Part I above; D.Mass. L.R. 83.5.3(c)

As to possible representation of other individuals, he is not authorized to appear on their behalf because he is not an attorney authorized to appear in this court. D.Mass. L.R. 83.5.3.

In summary, under the law applicable in this and other district courts of the First Circuit, Dennis J. Solomon has stated no claim for himself over which this court would be authorized to grant relief, and as an individual who is not an attorney authorized to appear in this court he is not authorized to appear for or sign pleadings on behalf of another individual or any corporate entity.