United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60906
Summary Calendar

LURETHA O. BIVINS; METRO HOMES REALTY, INC.,

Plaintiffs-Appellants,

versus

THE MISSISSIPPI PRESS REGISTER, INC.,
doing business as the Mississippi Press,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:01-CV-240-GR
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Luretha O. Bivins appeals the dismissal of her pro se complaint pursuant to FED. R. CIV. P. 37(b)(2)(C) and FED. R. CIV. P. 41(b) for failure to comply with discovery orders. Bivins' motion for leave to represent Metro Homes Realty, Inc. is DENIED. See K.M.A., Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. Unit B 1981).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bivins' motion for leave to file supplemental record excerpts is DENIED. See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).

Bivins filed a complaint on behalf of herself and Metro Homes Realty, Inc., against The Mississippi Press Register, Inc. The complaint sought compensatory and punitive damages for alleged advertising discrimination on the basis of race, breach of contract, and intentional infliction of emotional distress.

A district court has discretion in selecting the sanction to be imposed for a party's disregard of its orders. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). We review the district court's imposition of sanctions under FED. R. CIV. P. 37(b) for an abuse of discretion. See id.

The record shows that Bivins wilfully refused to comply with discovery orders, although the magistrate judge gave repeated extensions of the discovery deadlines. Bivins does not argue that she misunderstood the orders. Rather, she argues that compliance was not necessary and that the information sought was not relevant to the issue of damages. The sanction was warranted due to Bivins' willful and contumacious conduct that impeded the efficient and orderly disposition of the case. The district court did not abuse its discretion by dismissing the complaint with prejudice pursuant to FED. R. CIV. P. 37(b)(2)(C). See Brinkmann, 813 F.2d at 749.

The magistrate judge's order for Bivins to execute a medical privilege waiver is not directly appealable to this court because the parties did not consent to proceed before the magistrate judge.  See 28 U.S.C. § 636(c)(3); Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir. 1984).  Accordingly, the appeal is DISMISSED in part for lack of jurisdiction.

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION; MOTIONS DENIED.