United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2004**

Charles R. Fulbruge III
Clerk

REVISED OCTOBER 13, 2004
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20064
Summary Calendar

MANZOOR A MEMON; ET AL

             Plaintiffs

MEMON CORPORATION INC

             Plaintiff - Appellant

v.

ALLIED DOMECQ QSR; ET AL

             Defendants

BASKIN-ROBBINS INCORPORATED; BASKIN-ROBBINS USA CO

             Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. H-03-CV-1944

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Memon Corporation Inc. ("Memon Corp.")

appeals from the district court's grant of Defendants-Appellees'

motion to dismiss and the district court's denial of Memon

Corp.'s motion for new trial or relief from judgment under Rule

60(b). For the following reasons, we REVERSE the district

court's order insofar as it dismissed Memon Corp.'s suit and REMAND for further proceedings not inconsistent with this opinion.

## I. BACKGROUND

On April 24, 2003, Manzoor Memon, an officer of Memon Corp., filed a pro se complaint in Texas state court against Allied Domecq QSR.[1]  The complaint raised a number of claims arising out of Memon Corp.'s operation of a Baskin-Robbins ice cream franchise, including breach of the franchise agreement, conspiracy, fraud, and breach of the duty of good faith and fair dealing.  Manzoor Memon ("Mr. Memon") is not a licensed attorney, but he nevertheless brought the suit on behalf of himself, his brother and sister-in-law (Aamir H. Memon and Sanam A. Memon), and the family's corporation (Memon Corp.).

Baskin-Robbins timely removed the case to federal district court.  On June 11, 2003, Baskin-Robbins moved under Rule 12(b)(6) to dismiss Mr. Memon's claims for lack of standing because he was not a party to the franchise agreement and to dismiss his siblings' and Memon Corp.'s claims on the grounds that they were improperly represented by Mr. Memon, a non-lawyer.

---

[1]  On June 11, 2003, Allied Domecq filed a Rule 21 motion to substitute as defendants Baskin-Robbins Incorporated and Baskin-Robbins USA, Co. (collectively "Baskin-Robbins").  The district court granted the motion on October 30, 2003.  For the purpose of convenience, we therefore refer to the defendants below as Baskin-Robbins.

On October 15, 2003, without having filed a response to defendant's motion to dismiss, Mr. Memon moved the district court to dismiss the case without prejudice. At an October 22 scheduling conference, Mr. Memon requested that the judge rule on his motion to dismiss without prejudice. When asked by the district judge why he so moved, Mr. Memon replied that he lacked funds to hire an attorney. The judge promptly denied Mr. Memon's motion orally and set the case for trial. In response to the ruling, Mr. Memon asked the judge, "Can I get an attorney?" The judge replied, "I can't practice law so I can't advise you on that."

Eight days later, on October 30, 2003, the district court granted Baskin-Robbins's 12(b)(6) motion, finding that Mr. Memon lacked standing and that the other named plaintiffs, including Memon Corp., were impermissibly represented by a non-lawyer. The district judge had never ordered Memon Corp. to retain an attorney nor had he admonished the plaintiffs that Memon Corp. could not proceed without an attorney.

Soon after the dismissal, Memon Corp. hired an attorney and filed a motion for new trial or, alternatively, a motion for relief from final judgment under Rule 60(b). The district court denied the motion. Memon Corp., now represented by counsel, appeals the grant of the motion to dismiss and the denial of the motion for new trial or relief from judgment.[2]

---

[2] Neither Mr. Memon nor his siblings appeal the district court's judgment dismissing their individual claims.

## II. DISCUSSION

We review dismissals under Rule 12(b)(6) de novo.  Gregson v. Zurich Am. Ins. Co., 322 F.3d 883, 885 (5th Cir. 2003).  Further, this court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  "Thus, the court should not dismiss [a] claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint."  Id.

Memon Corp. asserts that de novo review is inappropriate, arguing that Rule 12(b)(6) was not the proper procedural vehicle through which to challenge its lack of legal representation.  Instead, Memon Corp. argues that this court should review the motion to dismiss under the same abuse-of-discretion standard under which we would review a Rule 41(b) involuntary dismissal.[3]  Memon Corp.'s objection is well taken, as no precedent exists for dismissing under Rule 12(b)(6) on these grounds,[4] and the

---

[3]  We affirm dismissals with prejudice under Rule 41(b) "only upon a showing of a clear record of delay or contumacious conduct by the plaintiff" and "where lesser sanctions would not serve the best interest of justice."  Dorsey v. Scott Wetzel Serv., Inc., 84 F.3d 170, 171 (5th Cir. 1996) (per curiam) (quoting Salinas v. Sun Oil Co., 819 F.2d 105, 106 (5th Cir. 1987)).

[4]  Memon Corp. correctly observes that most courts resolving claims by unrepresented corporations do not identify the source of their authority.  See, e.g., K.M.A., Inc. v. Gen. Motors Acceptance Corp. (In re K.M.A., Inc.), 652 F.2d 398, 399 (5th Cir. 1981); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1384-86

appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary.[5]  Noting the lack of clarity surrounding the proper procedure (and the corresponding standard of review), we find that we need not decide the proper standard of review, as we would reverse the district court under either standard.

Memon Corp. does not deny the well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney.  See, e.g., Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"); Southwest Express Co.

---

(11th Cir. 1985).  Some courts have specified that Rule 41(b) authorizes dismissal under such circumstances.  E.g., Transportes Aereos de Angola v. Ronair, Inc., 104 F.R.D. 482, 504-05 (D. Del. 1985).  Those cases, however, involved instances in which the litigant failed to comply with a court order to retain counsel or a local rule requiring representation.  See id.; see also FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.").  Neither is the case here, making Rule 41(b) inapplicable.  As we discuss below, the only authority for dismissing a corporation for failure to retain counsel, absent a court order or local rule, appears to be based on a judicial interpretation of 28 U.S.C. § 1654.  See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993); Palazzo, 764 F.2d at 1384-86.

[5]  As explained below, the judge might, inter alia, admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case without prejudice and allow the corporation to re-file.

v. ICC, 670 F.2d 53, 55 (5th Cir. 1982).  Although 28 U.S.C.

§ 1654 authorizes individuals to appear in federal courts pro se,

the statute is silent regarding corporations.  The lack of

authorization in § 1654 has been interpreted as barring

corporations from appearing in federal court without an attorney.

Rowland, 506 U.S. at 202.

Memon Corp. argues, however, that the district court erred

in dismissing its claims with prejudice.[6]  We agree.  This court

has consistently recognized "that dismissal with prejudice is an

extreme sanction that deprives a litigant of the opportunity to

pursue his claim."  Callip v. Harris County Child Welfare Dep't,

757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks

omitted) (quoting McGowan v. Faulkner Concrete Pipe Co., 659 F.2d

554, 556 (5th Cir. 1981)).  Dismissal with prejudice was too

extreme a sanction in this instance.

In virtually every case in which a district court dismissed

the claims (or struck the pleadings) of a corporation that

appeared without counsel, the court expressly warned the

---

[6]  Although the dismissal order in this case did not specify whether it was with or without prejudice, the order constituted a dismissal with prejudice.  See Hall v. Tower Land & Inv. Co., 512 F.2d 481, 483 (5th Cir. 1975) (noting that the grant of a motion to dismiss for failure to state a claim constitutes a judgment on the merits, even if it fails to indicate that it is a dismissal with prejudice); FED. R. CIV. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (emphasis added)).

corporation that it must retain counsel or formally ordered it to do so before dismissing the case. See, e.g., Donovan v. Road Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); K.M.A., Inc., 652 F.2d at 399; D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973 (9th Cir. 2004). Other courts have dismissed such cases without prejudice, allowing the corporation to re-file after acquiring a lawyer. See, e.g., Capital Group, Inc. v. Gaston & Snow, 768 F. Supp. 264, 265-66 (E.D. Wis. 1991).

The district judge never admonished Memon Corp. that it was required to hire an attorney (or ordered it to do so) before he dismissed the case with prejudice. We do not agree with Baskin-Robbins's assertion that the following dialogue during the October 22 scheduling conference constituted sufficient warning from the court:

> The Court: [Y]ou also have a motion to dismiss; is that correct?
> Counsel for Baskin-Robbins: That's correct, Your Honor.
> The Court: All right. We're working on that. All right. If you know what I mean. All right?
> Counsel for Baskin-Robbins: Okay.
> The Court: Now, we're just going to set a scheduling order today. All right? It may or may not go away, but right now we're here to set a scheduling order. You understand Mr. Memon?
> Mr. Memon: Yes, sir.

We cannot accept that the judge's statement that "[i]t may or may not go away" in the midst of this exchange adequately admonished Mr. Memon that the court would soon dismiss the case with prejudice unless Memon Corp. retained counsel.

Although Baskin-Robbins's motion to dismiss had been pending for nearly four months, Mr. Memon apparently believed that his own motion to dismiss without prejudice obviated the need to respond to Baskin-Robbins's motion.[7]  We do not see how Memon Corp.'s failure to respond to the motion to dismiss would justify dismissal with prejudice in this instance.  See Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982) (reversing district court's dismissal with prejudice under Rule 41(b) for failure to prosecute; noting that dismissal with prejudice is "reserved for the most egregious of cases").

Moreover, we find the colloquy between the district judge and Mr. Memon especially important.  After the district court denied Mr. Memon's motion to dismiss without prejudice, the following exchange occurred:

> The Court:  At this time we stand adjourned.  The case is still going on, sir.  Okay.  You understand that?
> Mr. Memon:  Can I get an attorney?
> The Court:  What?
> Mr. Memon:  Am I allowed to--
> The Court:  I can't practice law so I can't advise you on that.  All right.  Off the record.

This conversation casts sufficient doubt on Baskin-Robbins's contention that Mr. Memon knew that he needed either to hire a

---

[7]  We note that this belief was not unreasonable, since Baskin-Robbins had not filed an answer or a motion for summary judgment.  See FED. R. CIV. P. 41(a) ("[A]n action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ."); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2363, at 259 (2d ed. 1995) ("[A] motion to dismiss under Rule 12 does not terminate the right of dismissal by notice.").

lawyer or face dismissal with prejudice. Eight days later, without providing any warning to Memon Corp., the district court dismissed with prejudice. Under these particular facts, this was error.

Finally, because we have determined that the district court erred in dismissing Memon Corp.'s claims with prejudice, we need not reach the question of Memon Corp.'s motion for new trial or relief from judgment pursuant to Rule 60(b).

## III. CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court insofar as it dismissed Memon Corp.'s case with prejudice and REMAND for further proceedings not inconsistent with this opinion.