In re Jodi B. HUSSEY and Mark A. Hussey, Debtors.

No. 05–30361–BKC–JKO.

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

Nov. 9, 2007.

Eric S Glatter, Esq., Boca Raton, FL, for Debtors.

---

**ORDER DENYING MOTION TO DISQUALIFY AS MOOT, DENYING REQUEST TO STAY PROCEEDINGS, PROHIBITING CORPORATE CREDITOR FROM APPEARING EXCEPT THROUGH AUTHORIZED COUNSEL, DIRECTING CLERK TO REFUSE UNAUTHORIZED PLEADINGS, *AND AUTHORIZING TRUSTEE TO SEEK SANCTIONS***

JOHN K. OLSON, Bankruptcy Judge.

**THIS CASE** is before me on an emergency motion (the "Motion") to disqualify and request to stay proceedings [DE 276] filed by Mary Alice Gwynn ("Gwynn"), purportedly[1] as a creditor of these chapter 7 debtors. In it, Gwynn seeks two distinct forms of relief. First, she seeks entry of an order disqualifying Chief Judge Paul G. Hyman from further presiding in this case. Second, she seeks a stay of all proceedings in this case pending determination of an appeal now pending in the United States Court of Appeals for the Eleventh Circuit. I conducted a hearing on the Motion on November 7, 2007. Present at the hearing were Gwynn and Jay L. Farrow of Gary J. Rotella & Associates, P.A., counsel for Deborah Menotte, the chapter 7 trustee (the "Trustee") for the Debtors.

### Motion to disqualify Chief Judge Hyman

■ Gwynn seeks disqualification of Chief Judge Hyman because he has recently recused himself and transferred to me a related chapter 7 case styled *In re: It's All the Style, Inc.*, Case No. 05–30362–

---

1. Gwynn is not a creditor of these debtors. Rather, Mary Alice Gwynn, P.A., a Florida professional services corporation ("Gwynn, P.A.") is a creditor of these debtors by virtue of Proof of Claim 18–1 filed in this case on January 5, 2006. Both the proof of claim form and the contract attached to it make clear that the creditor here is Gwynn, P.A. and not Gwynn individually.

BKC–JKO. By Order [DE 278] entered October 30, 2007, Chief Judge Hyman determined that there was no sufficient legal basis stated for his disqualification here but transferred this case to me solely for interests of judicial efficiency. I concur with Chief Judge Hyman's conclusion that no sufficient legal basis for disqualification has been alleged and find that, in light of the transfer of the case for judicial efficiency, the motion to disqualify is now moot. It will accordingly be denied for that reason.

### Request to stay proceedings

**A. Gwynn's authority to practice in this Court.** As a preliminary matter, I note that Gwynn's pleadings in this case do not bear either of the alternative certifications required under this Court's Local Rule 9011–4, which provides in relevant part as follows:

**(A) Identification of Attorney.** In the signature block of all court papers signed by an attorney, the attorney must be identified by name, state bar number, complete mailing address, telephone number and the name of the party who (sic) the attorney represents.

**(B) Certification of Attorney.** Papers filed by an attorney appearing:

(1) as a qualified attorney pursuant to Local Rule 2090–1(A) must contain this certification: "I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090–1(A)."....

(2) pro hac vice pursuant to Local Rule 2090–1(B)(2) must contain this certification: "I hereby certify that the undersigned attorney is appearing pro hac vice in this matter pursuant to court order dated (date)." This certification shall be placed in papers in the locations described in subdivision (1) above.

In turn, Local Rule 2090–1 provides in relevant part:

**Rule 2090–1. Attorneys.**

**(A) Qualifications to Practice.** Except as provided in subdivision (B) of this rule, to be qualified to practice in this court an attorney must:

(1) be a member of the Bar of the United States District Court for the Southern District of Florida under the Special Rules Governing the Admission and Practice of Attorneys in the District Court;

(2) read and remain familiar with these rules, administrative orders, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, The Florida Bar's Rules of Professional Conduct, and the Bankruptcy Code; and

(3) earn at least 12 credit hours from The Florida Bar for attending or participating in CLE courses related to the subject area of "Bankruptcy Law" during each attorney's Florida Bar three-year CLE reporting requirement. This provision will not preclude an attorney from appearing who is within a three-year CLE reporting period but who has not yet earned the required 12 hours for that period.

Attorneys appearing pursuant to this subdivision must include on all papers the certification contained in Local Rule 9011–4(B).

**(B) Appearances Permitted as Exceptions to Qualification Requirements.** An attorney who has not fulfilled the

qualifications to practice set forth in subdivision (A) above may only appear as set forth in this subdivision. Any attorney who appears pursuant to this rule shall be deemed to be familiar with, and shall be governed by, these rules, and the Rules of Professional Conduct and other ethical limitations or requirements governing the professional behavior of members of The Florida Bar.

(1) **Appearances in Limited Instances.** [Inapplicable here].

(2) **Pro Hac Vice Appearances.** Any attorney who is a member in good standing of the bar of any state or territory or insular possession of the United States, but is not admitted to practice in the United States District Court for the Southern District of Florida and qualified to practice before this court may, upon the filing and this court's approval of the Local Form "Motion to Appear Pro Hac Vice" and proposed Local Form "Order Admitted Attorney Pro Hac Vice", be permitted to appear and participate in a particular case or proceeding. The motion shall designate an attorney who is qualified to practice in this court and who maintains an office in this district for the practice of law with whom the court and opposing counsel may readily communicate regarding the conduct of the case or proceeding and upon whom papers shall be served. The motion must be accompanied by a written statement of the local attorney who consented to the designation, and the name, address and telephone number of the named designee. The motion shall (a) indicate all bars or courts to which the attorney is admitted; (b) indicate all bars or courts, if any,

from which the visiting attorney has been disbarred, suspended or prohibited from appearing in front of and the dates of the foregoing; and (c) certify that the visiting attorney is familiar with and shall be governed by these rules, the Rules of Professional Conduct and all other requirements governing the professional behavior of members of The Florida Bar. Visiting attorneys appearing under this subdivision shall include on all papers filed with the court the certification contained in Local Rule 9011–4(B)(2). Upon written motion and for good cause shown, the court may waive or modify the requirements of designation of qualified local counsel.

In light of these requirements contained in the Local Rules, it was surprising to me that Gwynn's motion contained neither of the alternative certifications mandated by Local Rule 9011–4(A) or Local Rule 9011–4(B)(2). When I raised the absence of either certification with Gwynn, she asserted-falsely-that she was representing herself and appearing before me *pro se.* As noted in footnote 1 above, Gwynn individually is not a creditor of these Debtors. Proof of Claim 18–1 was filed by Gwynn, P.A., and both the proof of claim form and the underlying contract on which it is based so indicate.

■ Local Rule 9010–1(B)(1) prohibits corporations from appearing in proceedings in this Court except in limited circumstances. The Rule provides:

(1) **Corporations and Other Business Entities.** A corporation, partnership, trust, or other business entity cannot appear or act on its own behalf without counsel in a case or proceeding, except to file a request

for service of notices (pursuant to Bankruptcy Rule 2002), a proof of claim, a response to an objection to its claim, or a ballot, or to attend and inquire at the meeting of creditors held under 11 U.S.C. § 341. It is clear that Gwynn's Motion does not fall within any of the exceptions to Local Rule 9010–1(B)(1). Thus, under the Local Rules, Gwynn, P.A. can only appear by an attorney authorized to practice in this Court under Local Rule 2090–1.

■ Local Rule 2090–1 is completely consistent with the very long-standing rule that corporations and other artificial entities can act only through their agents, cannot appear *pro se,* and must be represented by counsel. *Commercial & Railroad Bank of Vicksburg v. Slocomb,* 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Osborn v. Bank of United States,* 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824); *Palazzo v. Gulf Oil Corporation,* 764 F.2d 1381, 1385–86 (11th Cir.1985); *In re K.M.A., Inc.,* 652 F.2d 398 (5th Cir. Unit B 1981); *In re Las Colinas Development Corp.,* 585 F.2d 7 (1st Cir.1978). There is simply no question that a corporation cannot be represented by someone who is not an authorized attorney, even if that person is the president and sole shareholder of the corporation. *Palazzo, supra; Las Colinas, supra.*

■ The question here is whether Gwynn, despite her failure to certify to her qualification to practice in this Court, is an attorney who could represent Gwynn, P.A., in this case.

I take at face value Gwynn's statement to me at the hearing on November 7th that my questioning her ability to act in this case took her by surprise. It was for that reason that I allowed her to proceed with argument on the substance of the Motion; I did not want to prejudice any substantive rights because of a procedural failure. It

is nonetheless necessary to deal with the question as to whether Gwynn can represent Gwynn, P.A. going forward.

I conclude that Gwynn cannot represent Gwynn, P.A. in this case. In a very detailed order [DE 1553] entered on June 7, 2006, in another case in this District, *In re Walker,* Case No. 03–32158–BKC–PGH, Chief Judge Hyman prohibited Gwynn from acting as an attorney in any case in this Court until she establishes the minimal qualifications to do so which are required by this Court's Local Rules. Specifically, the decretal paragraphs of that Order [DE 1553] provides:

> The Court, having reviewed the Response, the Sworn Certification, the docket in this case, having observed Gwynn's conduct in this Court during the past three years, and being otherwise fully advised in the premises, hereby:

> **ORDERS AND ADJUDGES** that Gwynn shall be prohibited from representing any parties before the United States Bankruptcy Court for the Southern District of Florida until she earns 12 credit hours from the Florida Bar for attending or participating in CLE courses related to the subject area of "Bankruptcy Law" which shall mean courses directly related to Title 11 of the United States Code and the Bankruptcy Rules of Procedure.

At the November 7th hearing, I asked Gwynn if she had taken any CLE courses in the area of bankruptcy law. She informed me that she had taken five hours of such courses. Manifestly, therefore, she has failed to comply with the condition precedent imposed by *In re Walker* that she obtain 12 CLE credit hours from The Florida Bar before she may represent any party in this Court. Thus, not only has Gwynn failed to comply with the require-

ments of Local Rules 2090–1 and 9011–4, but she has also failed to comply with the requirements of a valid Order of this Court which has not been stayed or reversed on appeal. She has also acknowledged by her own representation made to me at the November 7th hearing that she does not satisfy the minimal practice requirements set forth in Local Rule 2090–1(A)(3). I therefore conclude that Gwynn may not represent Gwynn, P.A. until and unless she is in full compliance with the Local Rules and with the mandate of *In re Walker* [DE 1553]. Given what Chief Judge Hyman found in *Walker* was her gross unfamiliarity "with the Court's Local Rules, administrative orders, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence, The Florida Bar's Rules of Professional Conduct,[2] and the Bankruptcy Code," I will prohibit Gwynn from filing any pleading or representing any party in any case in the United States Bankruptcy Court for the Southern District of Florida (other than appearances expressly permitted under Local Rule 2090–1(B)(1) "Appearances in Limited Instances") until such time as she has provided to me a certified record from The Florida Bar which establishes that she has completed at least 12 hours of Florida Bar approved CLE courses in the area of Bankruptcy Law. The Clerk of this Court will be directed (a) to prohibit Gwynn from become certified to file electronically under this Court's CM/ECF pending further order of this Court and (b) to refuse to accept for filing any pleading or other document from Gwynn other than documents expressly

permitted to be filed by non-qualified lawyers under Local Rule 2090–1(B)(1).

■ **B. Stay of this case.** Because Gwynn claimed surprise in response to the issues regarding her disqualification from practicing law on behalf of Gwynn, P.A., I permitted her to proceed with her request that all proceedings in this case be stayed pending her appeal to the Court of Appeals from Orders entered by District Judge Gold. Some background is required.

Gwynn, representing Gwynn, P.A., took appeals from three orders entered in this case by Judge Steven H. Friedman, before whom this case was pending from its filing on January 26, 2005, until September 28, 2007, when it was administratively transferred to Chief Judge Hyman and, as noted above, subsequently transferred to me on October 30, 2007. Judge Friedman's Orders were (1) *Order Denying Creditor, Mary Alice Gwynn, Esquire, Emergency Motion to Disqualify the Chapter 7 Bankruptcy Trustee, Deborah Menotte, Trustee's Counsel, Gary J. Rotella, Esquire, and the Law Firm of Gary J. Rotella and Eric S. Glatter, Esquire and Motion for Sanctions* [DE 60] entered May 18, 2005; (2) *Order Denying Creditor Mary Alice Gwynn's Motion for Extension of Time to File Complaints pursuant to 11 U.S.C. § 5233(sic) and/or § 727* [DE 66] entered May 20, 2005; and (3) *Order Denying Motion for Relief from Court Order Dated May 20, 2005 Denying Creditor Mary Alice Gwynn's Motion for Extension of Time to File Complaints pursuant to 11 U.S.C.*

**2.** I note that District Judge Gold has ordered in an appeal styled *Mary Alice Gwynn v. D. Menotte, Trustee, and Jodi and Mark Hussey, Debtors,* Case No. 06–80954–CIV–GOLD/TURNOFF [DE 38 in that case; DE 279 in this case] that Gwynn "attend 12–hours of Florida State Bar approved courses in Professional Responsibility and/or Legal Ethics in the 12 month period from July 31, 2007 to July 31,

2008." Although Judge Gold subsequently stayed the provision of that Order directing that Gwynn pay $1,000 in monetary sanctions pending appeal to the Eleventh Circuit, his directive that she attend 12 hours of Florida Bar approved CLE courses in Professional Responsibility and/or Legal Ethics between July 31, 2007 and July 31, 2008 has not been stayed and remains in effect.

*§ 5233(sic) and/or § 727* [DE 199] entered May 16, 2006.

The appeal from these three Orders was heard by District Judge Gold in Case No. 06–80954 discussed, in part, in footnote 2 above. Judge Gold found after oral argument that the appeal was essentially frivolous and entered an Order to Show Cause Why Rule 11 Sanctions Should Not Be Imposed [DE 32]. In response, Gwynn voluntarily withdrew her appeal, as follows:

10. Given the Court's concern and statements in its *Order to Show Cause Why Rule 11 Sanctions Should Not be Imposed,* the Appellant is deferring to this Court's judgment and is voluntarily dismissing this Appeal in its entirety. This voluntary dismissal should not be construed as an admission of any wrongdoing by the undersigned [*i.e.,* Gwynn].

In response to this voluntary dismissal, Judge Gold entered an Order Closing Case; Denying Motion for Appellee Menotte's Sanctions [DE # 36]; and Imposing Rule 11 Sanctions Against Appellant. [DE 38]. In that Order, Judge Gold imposed a *de minimis* $1,000 monetary sanction and the requirement that Gwynn take 12 hours of Professional Responsibility or Legal Ethics CLE training during the current bar year but denied the additional sanctions in the form of attorneys' fees sought by Appellee Trustee. Unsatisfied with this minor slap on the wrist, Gwynn moved for reconsideration [DE 39]. Judge Gold promptly refused the requested relief and ruled, in part [DE 40]:

The reason I sanctioned the Appellant was because she proceeded with an appeal that was not supported by evidence in the record and did not have support in law. Furthermore, I sanctioned Appellant because I conclude that she made a misrepresentation of the Bankruptcy record at the hearing to address her appeal before this Court. As stated in my July 30, 2007 Order, I intentionally minimized the monetary and non-monetary sanctions imposed against her and did not impose her opposing counsel attorneys fees because she prudently withdrew her appeal in response to this Court's Order to Show Cause.

Gwynn has now appealed Judge Gold's Orders, DE 38 and DE 40. These Orders demonstrably have nothing directly to do with anything which has or will occur in the Bankruptcy Court. Rather, they were minor sanctions imposed for the filing of an appeal which was patently unjustified by the record, unsupported in the law, and based upon false representations to the District Court. Nonetheless, Gwynn seeks to stay all further proceedings in the Bankruptcy Court until the Court of Appeals has ruled on her appeal from Judge Gold's Orders.

The results of that appeal could have no conceivable effect upon the further administration of this case, which has now dragged on for some 34 months. Whether Gwynn is required to pay the monetary sanction or not will not affect this case one iota or increase or decrease the amount available for administration by one sous. Whether Gwynn is required to take the required 12 hours of Professional Responsibility or Legal Ethics CLE training or not will not directly affect this case, however salubrious an effect it may have otherwise. In short, whether the minor sanctions imposed by Judge Gold for Gwynn's misconduct in the appeal before him survive or not, no benefit or detriment will trickle down to this bankruptcy case.

Remarkably, Gwynn argued to the contrary at the November 7th hearing. She stated that she had been "coerced" to dismiss the appeal by Judge Gold's Order to

Show Cause [DE 32], that her self-declared "voluntary dismissal" was no such thing, and-most remarkably-that her intent in the current appeal to the Eleventh Circuit is to seek reversal of the appeal's dismissal and resuscitation of the appeal she had voluntarily dismissed. By what feat of appellate legerdemain she intends to accomplish this result remains an unexplained mystery.

■ Assuming for purposes of argument that Gwynn could accomplish these results on appeal, I am left wondering precisely what it is that Gwynn wishes to stay here in the Bankruptcy Court. There are no pending motions of which I am aware which could in any way affect her (or more precisely, Gwynn, P.A.'s) interest. The only threat to which Gwynn pointed at the November 7th hearing was the Trustee had filed on October 26, 2007, an Interim Report [DE 274] and that "based on her prior experience" in cases in which Deborah Menotte was the chapter 7 trustee, the Trustee might "rush" to close this case. Of course, a chapter 7 case can only be closed after the trustee files a *final* report and seeks entry of an order approving that report. In the event that such a final report is filed and approval sought, Gwynn, P.A. will be within its rights to object. Until then, I am unable to discern any pending or threatened action in this case which could in any conceivable way adversely affect Gwynn, P.A.

Next, and in light of the Local Rules violations discussed above, perhaps a mere Coda to a Concerto of breathtaking and painful incompetence, the Motion here was filed as an emergency. Local Rule 9075–1 governs emergency motions, and provides:

**Rule 9075–1. Emergency Motions.**

If a motion or other paper requests an emergency hearing, the title of the motion or paper shall include the words "Emergency Hearing Requested". Any motion or paper requesting an emergency hearing shall set forth with particularity, under a separate heading in the text:

**(A)** the reason for the exigency and the date by which movant reasonably believes such hearing must be held; and

**(B)** a certification that the proponent has made a bona fide effort to resolve the matter without hearing.

Emergency hearings shall be held only where direct, immediate and substantial harm will occur to the interest of an entity in property, to the bankruptcy estate, or to the debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of any dispute.

Gwynn did not state the reason for any exigency or specify the date by which court action was required. She made no certification that she had undertaken a bona fide effort to resolve the matter, and Farrow represented at the hearing (and Gwynn did not contradict him) that no such efforts were made. And Gwynn was able to point to no harm which might come to anyone if the stay she sought were not granted, much less a "direct, immediate [or] substantial harm" as required by Local Rule 9075–1.

Chief Judge Emeritus A. Jay Cristol of this Court has expressed from time to time a prudent practice regarding emergency hearings. He said that he would accept any lawyer's representation that a matter was an emergency at face value, but only once. If, like the boy who cried "wolf!" in Aesop's fable, the first cry of emergency proved false, subsequent cries from the same source would be treated with considerable skepticism. Gwynn has earned such skepticism and she is hereby put on notice of that future cries of "emergency"

from her will be viewed with a jaundiced eye.

Finally, Farrow pointed out that the preparation for and attendance at the hearing on the emergency motion was necessarily expensive. I have already found that the Motion was pointless. Farrow asked that the Trustee be granted a limited period of time within which to file a motion for sanctions addressed to the Motion, relief which I will grant.

Based upon all of the foregoing, it is ORDERED:

1. To the extent that the Motion seeks to disqualify Chief Judge Paul G. Hyman from further presiding in this case, it is DENIED as moot.

2. The Motion is otherwise DENIED.

3. Mary Alice Gwynn is hereby PROHIBITED from filing any pleadings or other documents in this case on behalf of Mary Alice Gwynn, P.A.

4. Mary Alice Gwynn is hereby PROHIBITED from filing any pleadings or other documents in any case in the United States Bankruptcy Court for the Southern District of Florida, other than documents specifically identified by type in Local Rule 9011–4(B)(1) "Appearances in Limited Instances" pending further Order of this Court.

5. The Clerk of this Court is hereby DIRECTED to accept for filing no pleading or other document signed by Mary Alice Gwynn in any case in this Court, other than documents specifically identified by type in Local Rule 9011–4(B)(1) "Appearances in Limited Instances" pending further Order of this Court.

6. The Trustee is hereby AUTHORIZED to seek the imposition of sanctions on Mary Alice Gwynn arising out of the filing and prosecution of the Motion within ten days of the date of this Order.