[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13459
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80631-KAM

ANTHONY O. WINT,
by and through his next friend,
ORAL WINT,

                                                                Petitioner-Appellant,

versus

STATE OF FLORIDA PALM BEACH SHERIFF,
STATE OF FLORIDA'S FIFTEENTH JUDICIAL CIRCUIT,
FLORIDA DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA OFFICE OF PUBLIC DEFENDER,

                                                                Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 21, 2021)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Oral Wint, acting as "next friend" of his son, Anthony Wint, is trying to challenge the constitutionality of his son's Florida convictions for home invasion robbery, aggravated battery, and false imprisonment. Proceeding *pro se*, he attempted to initiate a new case in federal court by filing a "Request for Certificate of Appealability."[1] Generally a certificate of appealability is issued to authorize an appeal of a final order in a habeas proceeding—and here no habeas petition had yet been filed in the district court for Wint's case. *See* 28 U.S.C. § 2253(c). The "request" was referred to a magistrate judge. On May 22, 2017, the magistrate judge ordered "the Petitioner" to refile the pleading and comply with the following orders: (1) "expressly" notify the court whether he agreed to recharacterize his pleading as a § 2254 habeas petition or whether he wanted to withdraw his pleading; (2) if he did want to proceed with the habeas petition, file a petition "clearly specifying the criminal convictions under attack and concisely stating his issues and supporting facts on the form provided to him" in the order; and (3) if the petition were refiled by a "next friend," a stated basis for that next friend designation, including providing a reason that the petitioner was unable to proceed for himself.

Oral responded by filing a "Request to Reclassify Document from Habeas Corpus to Next Friend Styled Request for Certificate of Appealability," explaining

---

[1] Though Appellant proceeded *pro se* before the district court, he is represented on appeal.

that his initial filing was clearly intended to be a request for a certificate of appealability and he was uncertain how his filing was docketed as a habeas corpus petition. Oral's new filing made no attempt to comply with the magistrate judge's order. The magistrate judge issued a report and recommendation, suggesting that the district court dismiss the case without prejudice under Federal Rule of Civil Procedure 41(b) because Oral failed to comply with a court order. The district court adopted the report and recommendation and dismissed the case without prejudice.

Oral, still claiming to proceed as Anthony's next friend, appealed.[2] Because we find that the district court did not abuse its discretion in dismissing this case without prejudice, we will affirm.

I.

We review the dismissal of a complaint for failure to comply with a court order for abuse of discretion. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 n.14 (11th Cir. 2009). In applying an abuse of discretion standard, we will affirm unless the district court applied the wrong legal standard or made a clear error of judgment. *Maiz v. Virani*, 253 F.3d 641, 662 (11th Cir. 2001).

II.

---

[2] Before considering whether the dismissal was appropriate, we remanded to the district court for the limited purpose of determining whether Oral should be permitted to proceed as next friend. The district court determined Oral's next friend status was appropriate for "pursuing a writ of habeas corpus" before the district court.

3

We begin by clearing up a fundamental misunderstanding in Appellant's initial brief. Appellant's brief argues that the district court erred by "addressing other issues after it determined that Oral Wint failed to demonstrate 'next friend' status" and that the district court's later finding that Oral established next friend standing has cured any defect with the district court's jurisdiction. Both of these arguments are premised on the notion that the district court dismissed because it determined that Oral lacked standing to act as Anthony's next friend. That, though, was not the basis for the dismissal. Instead, the district court's order was clear: the case was "DISMISSED WITHOUT PREJUDICE for non-compliance with the Court's May 22, 2017 Order." The district court could not, then, have erred as Appellant suggests by addressing other issues after it determined Oral lacked standing—it never made a jurisdictional determination in the first place. Nor could the district court's later determination that Oral has standing rectify his non-compliance with the district court's order.

Appellant tries to make an about-face in his reply brief by arguing for the first time that the district court erred in "deciding other issues *before resolving* Article III standing." But that argument comes too late. Our court will not "address an argument advanced by an appellant for the first time in a reply brief." *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008). Since Appellant's initial brief identifies no error in the order, we conclude that the district court did not abuse its discretion dismissing under Rule 41(b).

That leaves us with one remaining argument on appeal. Appellant claims that the district court erred by allowing Oral, a non-attorney, to represent Anthony

4

before the district court.  Though Oral may have been able to stand in Anthony's place as a plaintiff or petitioner, Appellant claims Oral could not proceed without legal counsel.

This Circuit, though, has not firmly settled if and when a next friend may proceed *pro se*.  True, in certain types of litigation, we have held that a next friend cannot represent the plaintiff is a *pro se* capacity.  *See, e.g.*, *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) ("IDEA allows parents to sue in their children's stead, but does not authorize them to act as counsel in such a lawsuit.").  But this proposition is less settled in other contexts, such as for habeas petitions.  For instance, we have previously recognized that when a petitioner is *not* qualified as a "next friend," he "may not participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law."  *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).

But even assuming that Oral could not represent Anthony below, that would be a basis for affirming the district court's order, not reversing it.  *Harris v. United Auto. Ins. Grp., Inc.*, 579 F.3d 1227, 1232 (11th Cir. 2009) (noting that we "may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below" (quotation omitted)).  Ordinarily, if a party is represented by a non-attorney, a court may dismiss without prejudice.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) (affirming dismissal for lack of proper representation); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004) (noting that most

5

district courts warn the party of the need for counsel before dismissal, *or* dismiss without prejudice, allowing the party to refile with counsel). And that is precisely what the district court did here. Appellant cites no authority from this Circuit to suggest that the district court was required to do anything more in response to Oral's allegedly inappropriate representation.

Because the district court did not abuse its discretion in dismissing without prejudice—either for failure to comply with a court order or for lack of proper representation—the district court's dismissal is AFFIRMED.