Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

**ROAD RANGERS COUNTRY JUNCTION, INC., etc., et al.,**
Defendants,

Thelma P. Gordon, Defendant-Appellant.

No. 83–3544
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 30, 1984.

Thelma Gordon, pro se.

Robert F. Smith, Baton Rouge, La., Joseph M. Woodward, Anne P. Fugett, Beate Bloch, Dept. of Labor, Washington, D.C., for La. Dept. of Revenue, Legal Section.

Before REAVLEY, RANDALL, and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Thelma P. Gordon, acting *pro se*, is the sole shareholder and Secretary of Road Rangers Country Junction, Inc., doing business as Road Rangers Country Junction. The business is an automobile and truck stop in Tickfaw, Louisiana. This is a suit by the Secretary of Labor against the corporation and Gordon for violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207. Gordon filed timely notice of appeal. Her motion to expedite the appeal is mooted by this decision.

Since the suit by the Secretary was brought against both Gordon and the corporation of which she is the sole shareholder, the district judge directed under established law that counsel be hired to represent the corporation because she, not a lawyer, could not represent the corporation. As we stated in *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir.1982), the "clear" rule is "that a corporation as a fictional legal person can only be represented by licensed counsel." *See also Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53, 56 (5th Cir.1982).

Gordon declined to hire counsel to represent the corporation so the district court properly struck the defenses of the corporation. Gordon has appealed in her own behalf and not on behalf of the corporation. Thus she has the right to appear *pro se* to represent her personal interests in the case.

On the merits, the district court found that her automobile and truck service station business was not entitled to exemption as a retail or service establishment, 29 U.S.C. § 213(a)(2), and also was an enterprise, 29 U.S.C. § 203(s), within the coverage of the statute. The court found that the restaurant maintained at the site of appellant's business was to be treated separately as an exempt retail establishment.

We have given careful consideration to the claims advanced by appellant. We conclude they are wholly without merit. We have difficulty in understanding appellant's persistence in claiming her business enterprise is exempt from the overtime provisions of the Fair Labor Standards Act when a reading of that statute reveals with clarity that her employees who work in the auto/truck stop portion of her business are entitled to claim statutory overtime under that Act.

The findings of fact reveal that the auto/truck stop's annual gross volume of sales for the years 1980, 1981, and 1982, has amounted to about one million dollars each year. Excluding the restaurant sales which the district court found were not part of the enterprise, the annual gross income was approximately $885,000 each of the three years. The annual gross volume of sales to establish an enterprise under the Fair Labor Standards Act has been escalating by statutory provision and now has reached the amount of $362,500, which is far less than the annual gross of $885,000 of Gordon's enterprise.

To qualify as a retail or service establishment under § 213(a)(2) of the Fair Labor Standards Act, seventy-five percent of the annual dollar volume of sales of goods or services must be recognized as retail sales

in the particular industry. The district court found that the major portion of the annual dollar volume of sales of the automobile/truck stop consists of diesel fuel sales to truck drivers. The law is that sales of diesel fuel to trucks are not retail sales in the industry. The sale of diesel fuel to truckers is not considered a retail sale in the industry regardless of the terms of the sale. The regulation promulgated by the Secretary provides:

> Sales of diesel fuel (and LP gas) for use as truck or bus fuel and the repair and servicing of trucks and buses used in over-the-road commercial transportation ... are specialized goods and services "which can never be sold at retail ... whatever the terms of the sale ... Sales of these items are nonretail whether made by truck stops or other establishments ..." (citations omitted).

29 C.F.R. § 779.371(c)(7).

This regulation is not binding on the court, but the regulation has been upheld in *Usery v. Yates*, 565 F.2d 93 (6th Cir. 1977), and in *Canterbury v. Dick*, 385 F.Supp. 1004 (S.D.Tex.1973). The fact that such sales are claimed to be at a "retail" price makes no difference. *Donovan v. Williams Chemical Co., d/b/a Dooley Oil Co.*, 682 F.2d 185, 190 (8th Cir.1982). We find these holdings are correct. They follow a well established pattern which has been in existence from the inception of the Fair Labor Standards Act that certain sales of specialized commodities to the ultimate consumer are not retail sales because they are not being "acquired for family or personal use." *Idaho Sheet Metal Works v. Wirtz*, 383 U.S. 190, 203, 206, 86 S.Ct. 737, 745, 747, 15 L.Ed.2d 694 (1966).

Appellant points to the fact that the Department of Energy defines appellant's business as a "retail outlet" for purposes of price control. This definition has no relevance whatsoever to the technical definition of what constitutes a retail or service establishment under the Fair Labor Standards Act.

Finally, appellant claims that the ten million dollar gross volume requirement set out in § 213(g) is applicable. A reading of that provision, however, makes clear that it has no relevance whatsoever to this case. In the first place, it applies only to minimum wages, not maximum hours. In the second place, it has to do only with establishments which are parts of other establishments whose gross volume exceeds ten million dollars. We have no such enterprise in this case.

It must be concluded that the district court was correct in finding the employees of the automobile/truck stop subject to the overtime provisions of the Fair Labor Standards Act. The government notes its doubt as to the correctness of the holding of the district court that the restaurant employees are separate and are entitled to the retail or service establishment exemption. However, the government did not appeal this portion of the district court's decision so it is not before us.

Appellant's brief is full of vituperative and insulting language directed to the Secretary of Labor and the government officials enforcing the Fair Labor Standards Act. She calls their action "malicious, slanderous, and libelous." She filed a counterclaim alleging the Secretary had committed acts of "intimidation, harassment, commercial extortion, and commercial terrorism." Although this counterclaim was earlier dismissed by the district court, appellant Gordon in her appellate brief *pro se* asks for an injunction against the Secretary and large amounts of damages for harassment, threats of jail sentences and fines, slander, and assassination of character.

These claims are utterly without any foundation whatsoever. The only actions which have been taken by the Secretary and those enforcing the Fair Labor Standards Act are to require the plaintiff to obey the statute as it applies in her business. There is nothing wrong with the federal officials enforcing the laws of the United States. The assertions and prayers of appellant with respect to these matters are dismissed as frivolous.

Finally, plaintiff has brought to the attention of the Court many claims extrane-

ous to this lawsuit. For example, she asked this Court to enjoin the State of Louisiana from collecting taxes upon her business because she cannot afford to pay them because of the wage and hour claims. By earlier orders we denied such an injunction. The Louisiana tax officials are not in any way involved in this lawsuit. She also claims that she has not been able to pay various suppliers because of the financial demands occasioned by the judgment in this lawsuit. Such matters are irrelevant to her statutory obligation to obey the law of the land.

■ Appellant makes general assertions that she has always treated her employees "fairly". In connection with the activities of the enforcement division of the Fair Labor Standards Act, she told the employees that they could work overtime if they wished but she simply could not afford to pay overtime pay. It is well established that the overtime requirements of the Fair Labor Standards Act are binding and cannot be waived by the employees. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945).

Appellant had every right to challenge the applicability of the Fair Labor Standards Act to her employees of the auto/truck stop. The district court was correct, however, in finding that her employees were entitled to overtime pay under the provisions of the federal law. A careful reading of the statute and the history of its administration leaves no doubt the district court's decision is correct. Criticism of the Secretary of Labor and federal officials enforcing the well established provisions of the Fair Labor Standards Act is wholly without justification. The costs of the appeal will be taxed to appellant.

AFFIRMED.