**LIBERTY MUTUAL INSURANCE CO., Plaintiff,**

v.

**HURRICANE LOGISTICS COMPANY et al., Defendants.**

Civil Action No. 02–0790 (RMU). Document Nos. 22, 29.

United States District Court, District of Columbia.

June 19, 2003.

complaint. In October 2001, Liberty Mutual Insurance Company ("LMIC") issued a $10,000 surety bond on behalf of Hurricane Logistics Company ("Hurricane"), a licensed "broker of transportation." Am. Compl. ¶¶ 25 (citing Compl. Ex. A), 29. LMIC issued the bond for the benefit of motor carriers or shippers to whom Hurricane may be legally liable for damages described in the bond. *Id.* ¶¶ 25–26. Pursuant to the bond, several claimants filed claims with LMIC for alleged damages that Hurricane caused to motor carriers or shippers during the time period covered by the bond. *Id.* ¶¶ 9–24, 28–29. The claims, which range from a few hundred dollars to a few thousand dollars, exceed the $10,000 amount of the bond. *Id.* ¶ 30.

Eric Robert Stanco, Washington, DC, for plaintiff.

John Timothy Husk, Seaton & Husk, LP, Vienna, VA, for claimant-defendant Stewart Transportation, Inc.

Larry J. Kidd, L.J. Kidd Transportation, Graham, NC, for Claimant-defendant L.J. Kidd Transportation.

Janice Barham, Royal Trucking Company, West Point, MS, for Claimant-defendant Royal Trucking Company.

### MEMORANDUM ORDER

URBINA, District Judge.

#### GRANTING THE PLAINTIFF'S MOTION TO AMEND ITS FIRST AMENDED COMPLAINT

This action comes before the court on the plaintiff's motion to amend its first amended

■ On April 23, 2002, to resolve the conflicting claims, LMIC filed a complaint in interpleader under the federal interpleader statute against Hurricane and eight claimant-defendants.[1] Compl. ¶¶ 2, 9–16. LMIC also sought indemnity from Hurricane. *Id.* ¶¶ 26–34. On July 19, 2002, LMIC amended its complaint as of right, adding another eight claimant-defendants.[2] Am. Compl. ¶¶ 17–24. In August 2002, three claimant-defendants—Stewart Transport, Inc. ("Stewart"), L.J. Kidd Transportation ("L.J.Kidd"), and Royal Trucking ("Royal")—filed an answer.[3] By March 2003, however, the Clerk of the Court had entered default against Hurricane and most of the remaining claimant-defendants. On November 26, 2002 and April 23, 2003, LMIC moved the court for leave to amend its first amended complaint to

1. The eight claimant-defendants are United Xpress, Inc.; Buel, Inc.; Advance United Express, Inc.; Riviera Finance, L.L.C.; RE Enterprises, Inc.; Partners in Transportation, Inc.; D & J Transport; and JL Rothrock, Inc. Compl. ¶¶ 9–16.

2. The eight additional claimant-defendants are Knight Trucking, Inc.; Simnacher Trucking Company; D & D Sexton, Inc.; Stewart Transport, Inc.; L.J. Kidd Transportation; Royal Trucking; Steed Brothers, Inc.; and American Transport, Inc. Am. Compl. at 2, ¶¶ 17–24.

3. Stewart Transport, Inc. also filed a counterclaim against LMIC, which in response filed an answer. Stewart Answer and Countercl. On September 20, 2002, LMIC filed an answer to the counterclaim. Answer to Countercl.

With regard to L.J. Kidd and Royal, the record indicates that these claimant-defendants are proceeding *pro se*, or without counsel. A corporation, however, may not appear *pro se*. *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n. 1 (D.C.Cir.1990). If a corporate defendant does not retain counsel, the court may strike the corporation's answer. *E.g., Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir.1984).

add an additional eight claimant-defendants.[4] Pl.'s Mot. to Am. Hurricane, the claimant-defendants, and the proposed claimant-defendants have not filed a response thereto.

■ Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading to add a party.[5] FED.R.CIV.P. 15(a); *Wiggins v. Dist. Cablevision, Inc.*, 853 F.Supp. 484, 499 (D.D.C.1994); 6 FED. PRAC. & PROC. CIV. 2d § 1474. Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. FED.R.CIV.P. 15(a).; *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The grant or denial of leave is committed to the discretion of the district court, but the court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." FED.R.CIV.P. 15(a); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996); *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C.Cir.1998). Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

In this case, LMIC contends that the proposed amendment would not prejudice claimant-defendants Stewart, L.J. Kidd, or Royal, as it does not assert additional allegations or claims against them or impact their defenses or ability to proceed. Pl.'s Mot. to Am. at 2. LMIC also states that "justice requires that [the proposed additional claimant-defendants] have the opportunity to present their claims and participate in any distribution of the Bond proceeds." *Id.* After considering the record, the court finds no reason to deny the plaintiff leave to amend: LMIC's proposed amendment is not futile, and there is no evidence of undue delay, bad faith, dilatory motive, undue prejudice, or failure to cure deficiencies.[6] *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.*, 148 F.3d at 1083. Following Rule 15(a)'s mandate, therefore, the court grants the plaintiff's motion to amend. FED.R.CIV.P. 15(a); *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

Accordingly, it is this 19th day of June, 2003, hereby

**ORDERED** that the plaintiff's motion to amend its first amended complaint is **GRANTED**; and it is

**FURTHER ORDERED** that the Clerk file the second amended complaint that accompanied the plaintiff's motion; and it is

**ORDERED** that by July 10, 2003, claimant-defendants L.J. Kidd and Royal submit to the court a notice indicating whether they have retained counsel. If they have not retained counsel, the court will strike their answers.

**SO ORDERED.**

---

4. The plaintiff seeks to add claimants Burr–Line Transportation; David Bechtel; Spangler Trucking, Inc.; Circle H, Inc.; Strawberry Transport; Eagle Capital Corporation; and Core Carriers Corporation. Mot. to Am. at 1, Ex. A at 3, ¶¶ 25–31.

5. A motion to amend a complaint to add a party also may implicate Rules 20 and 21, the joinder rules. *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y.2000). Once a responsive pleading has been served, however, the standard for adding a party is the same regardless of the rule under which the motion is made: the decision lies within the discretion of the court. *Wiggins*, 853 F.Supp. at 499 n. 29 (stating that "[i]t is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21");

*Oneida Indian Nation*, 199 F.R.D. at 72 (noting that "in practical terms there is little difference between [Rules 15, 20, and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion"); 6 FED. PRAC. & PROC. CIV. 2d § 1474 (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21").

6. Notwithstanding the directive of Local Civil Rule 7.1(m), the plaintiff does not indicate whether Stewart or the proposed claimant-defendants oppose its motion. LCvR 7.1(m). Neither Stewart nor the proposed claimant-defendants have filed an opposition to the plaintiff's motion. Accordingly, the court treats the plaintiff's motion as conceded. LCvR 7.1(b); *M.K. v. Tenet*, 99 F.Supp.2d 12, 25 n. 21 (D.D.C.2000).