# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 18, 2009      Decided October 27, 2009

No. 08-7089

IN THE MATTER OF: GREATER SOUTHEAST
COMMUNITY HOSPITAL FOUNDATION, INC.,

ADVANTAGE HEALTHPLAN INC. AND ELLIOT R. WOLFF,
APPELLANTS

v.

PATRICK J. POTTER ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-00166-CKK)

*Dennis Lane* argued the cause for the appellants. *Janet M. Nesse* was on brief.

*Patrick J. Potter* argued the cause for the appellees. *Stephen E. Leach* and *D. Marc Sarata* were on brief.

Before: GINSBURG, HENDERSON and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Appellants Advantage Health Plan Inc. (Advantage) and Elliot R. Wolff, its president, appeal a decision of the district court which (1) affirmed the bankruptcy court's order striking a document that Wolff signed and submitted on behalf of Advantage on the ground Wolff is not a licensed lawyer and (2) struck Wolff as an appellant in the district court for lack of prudential standing. *Advantage HealthPlan, Inc. v. Potter*, 391 B.R. 521 (D.D.C. 2008). For the following reasons, we affirm the district court's decision.

**I.**

In 1999, Greater Southeast Community Hospital Foundation, Inc. and three affiliates[1] filed petitions in the United States Bankruptcy Court for the District of Columbia seeking reorganization relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101-1174. On October 23, 2001, the bankruptcy court entered an order confirming the debtors' bankruptcy plan (Plan). The Plan established a three-member "Plan Committee" consisting of Eaton Vance representing bondholders, Stanley Zupnik representing creditor Welcome Homes, Inc., and Wolff representing creditor Advantage. The Plan also provided for a "Plan Agent," which position was filled by Patrick J. Potter, a partner in the law firm Pillsbury Winthrop Shaw Pittman LLC (Pillsbury). Pillsbury acted as counsel for both the Plan Committee and the Plan Agent. Eaton Vance resigned from the Plan Committee in June 2007.[2]

---

[1]The three affiliates are Fort Washington Nursing Home, Inc., Greater Southeast Management Company and Greater Southeast Community Hospital Corporation.

[2]Unless otherwise noted, all dates refer to 2007.

On August 3, Potter and Pillsbury moved the bankruptcy court to approve the resignations of Potter as Plan Agent and Pillsbury as counsel and to approve payment of legal fees and expenses that Pillsbury alleged it was owed. Ten days later, the Plan Committee notified the bankruptcy court it had discharged Potter and Pillsbury and appointed a new Plan Agent and a new Plan Committee counsel—Clinton E. Jones and Shulman, Rogers, Gandal, Pordy & Ecker, P.A., respectively—mooting Potter's and Pillsbury's motions seeking approval of their resignations.

In late November, Zupnik—with the knowledge of the Plan Committee members and Plan Committee counsel—offered to settle the fee dispute with Pillsbury for $100,000. 391 B.R. at 529. In early December, the Plan Committee counsel met with Pillsbury to discuss a settlement. *Id*. at 529-30. According to the Plan Committee counsel, the parties reached a settlement and the Plan Committee counsel agreed to draft a settlement agreement and a motion to be filed pursuant to Federal Bankruptcy Rule 9019;[3] Advantage disputed that the Plan Committee authorized a settlement. *Id*. On December 7, the Plan Committee moved to dismiss Potter's motion for fees and expenses.

On December 13, counsel for the Plan Committee filed emergency motions to withdraw as counsel (because of a conflict with the Plan Committee) and, accordingly, to continue the trial, which had been scheduled to begin on January 8, 2008, and to extend discovery and motion deadlines. The bankruptcy court immediately scheduled a hearing on the motions for December 14. Wolff responded by letter to the court that he would be unable to attend the December hearing " 'because of

---

[3]Rule 9019 provides in relevant part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

an essential commitment made four months ago' " but he supported the Plan Committee counsel's motions to withdraw and to continue the trial and the Plan Committee's motion to dismiss Pillsbury's motion for fees and expenses. *Id*. at 530. The letter further stated:

> If the [Pillsbury] litigation is not dismissed, Advantage hopes that your final scheduling order will recognize the factors and corresponding time necessary to select a [second] successor legal counsel by the Plan Committee, as well as the Holiday vacation plans of both representatives of the Plan Committee. My family will be on vacation outside the United States from December 19 through January 5.

*Id*.

At the December 14 hearing, the court directed the withdrawing Plan Committee counsel and Potter to file a notice of settlement of the fee dispute and a motion for approval thereof and scheduled a settlement approval hearing for December 21, with a deadline of 5:00 p.m. on December 19 for filing objections to the settlement. A notice of the hearing was electronically filed after the hearing and a copy was sent to Wolff via e-mail. In accordance with the court's directive, on December 17 the Plan Committee filed a consent motion (purportedly among the Plan Committee, Potter and Pillsbury) seeking approval of the settlement pursuant to Fed. R. Bankr. P. 9019. The following day, the bankruptcy court issued an order finding that "a settlement was reached among the Plan Committee, [Pillsbury] and Potter, and that such settlement included all of the necessary terms for an enforceable settlement agreement" and that "[n]o evidence was presented that the Plan Committee reached a decision that the Plan Committee should not proceed with the settlement or that the documents that have been drafted and exchanged among the parties . . . fail to reflect the terms of the settlement." Order, *In re Greater Se. Cmty.*

*Hosp. Found., Inc.*, No. 99-1159, at 2-3 (Bankr. D.D.C. Dec. 18, 2007). Accordingly, the order deferred disposition of the emergency motions for withdrawal and continuance pending resolution of the Rule 9019 motion and again provided notice of the December 21 hearing and the December 19 objection deadline.

On December 18, Advantage submitted an objection to the settlement signed by Wolff. Objection to Motion Pursuant to Bankruptcy Rule 9019 for Court Approval of Settlement Agreement, *In re Greater Se. Cmty. Hosp. Found., Inc.*, No. 99-1159 (Bankr. D.D.C. Dec. 19, 2007) (Objection). The Objection asserted that Advantage had not approved the settlement as required, the bankruptcy hearing schedule "operated to preclude Advantage from participating in the recent and critical judicial deliberations in th[e] litigation to the prejudice of Advantage and of the other Unsecured Creditors" and there had not been "full and fair disclosure" of the settlement to creditors. *Id*. at 7. The Objection further requested that the impending December 21 hearing be continued until January 17, 2008, that a hearing be held on or after January 17, 2008 to reconsider whether the settlement was approved by the Plan Committee and that "[b]oth hearings requested above be continued until the Plan Committee engages new legal counsel and the new legal counsel is prepared on the subject matter of th[e] litigation." *Id*. at 8.

On December 20, Pillsbury filed a response and motion to strike the Objection on the ground that Wolff was not a licensed lawyer and therefore could not represent Advantage. The next morning, the court issued an order directing that "the objection of Advantage [be] stricken in its entirety because it was not filed by a licensed attorney authorized to practice before the Court." Order, *In re Greater Se. Cmty. Hosp. Found., Inc.*, No. 99-1159, at 1 (Bankr. D.D.C. Dec. 20, 2007) (Striking Order). The order also denied Wolff's requests to reconsider the December 18 order and to reschedule the December 21 hearing. Although no

one representing Advantage attended, the court conducted the December 21 hearing as scheduled and, in the absence of an objection, issued an order approving the settlement. Order, *In re Greater Se. Cmty. Hosp. Found., Inc.*, No. 99-1159 (Bankr. D.D.C. Dec. 21, 2007) (Settlement Approval Order).

Advantage and Wolff filed a notice of appeal to the district court. Appellees Potter and Pillsbury moved for summary affirmance of the Striking Order and to strike Wolff as an appellant. On July 14, 2008, the district court granted the motions to strike Wolff for lack of standing to appeal and for summary affirmance of the Striking Order. The court also affirmed the Settlement Approval Order.[4] Advantage and Wolff now appeal the district court's judgment.

## II.

Appellants Advantage and Wolff challenge both the district court's affirmance of the Striking Order as well as the court's grant of the motion to strike Wolff as an appellant. We address each issue separately.

### A. The Striking Order

First, both Advantage and Wolff contend the district court erred in affirming the bankruptcy court's order striking Advantage's Objection. "When a court of appeals hears an appeal from an order of a district court that resolved an appeal from an order of the bankruptcy court, the court of appeals 'sits as a second court of review and applies the same standards as the district court.' " 1 *Collier on Bankruptcy* ¶ 5.11 (15th ed. rev. 2009) (quoting *S. Technical Coll. v. Head*, 89 F.3d 1381, 1383 (8th Cir. 1996)); *accord In re KMart Corp.*, 381 F.3d 709,

---

[4]The district court declined to reach the appellees' contention that Wolff lacked standing to appeal the Striking Order. *Advantage*, 391 B.R. at 539.

712-13 (7th Cir. 2004); *In re Bogdan*, 414 F.3d 507, 510 (4th Cir. 2005); *see United States v. Spicer*, 57 F.3d 1152, 1159 (D.C. Cir. 1995) ("district court reviews bankruptcy court's grant of summary judgment *de novo*, and court of appeals applies same standard in reviewing district court's affirmance"). Accordingly, we review the bankruptcy court's Striking Order itself and we do so for abuse of discretion. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996) ("Our review of the district court's . . . grant of the [defendant's] motion to strike is for abuse of discretion."). We conclude the bankruptcy court did not abuse its discretion.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President of Bank of United States*, 22 U.S. (9 Wheat.) 738, 829 (1824)); *see also Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990) ("As a corporation, [defendant] could not appear *pro se*." (citing *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. (14 Pet.) 60 (1840))). Under this well-established rule, Wolff was ineligible to represent Advantage in a legal capacity[5] and the bankruptcy court correctly rejected the legal filing Wolff submitted on Advantage's behalf. Striking a document that was filed unlawfully falls easily "within the range of permissible alternatives that were available" to the court so as to be within its discretion. *Jackson*, 101 F.3d at 150; *see Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (corporation's co-defendant and sole

---

[5]Wolff has not at any point in this litigation disputed the bankruptcy court's finding that he is not "a licensed attorney authorized to practice before the [bankruptcy c]ourt." Striking Order at 1.

shareholder "declined to hire counsel to represent the corporation so the district court properly struck the defenses of the corporation"); *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County*, 543 F.2d 32, 33 (7th Cir. 1976) (affirming dismissal of complaint filed by non-lawyer corporation president).

The appellants argue that the bankruptcy court should have selected a less severe "sanction" than striking the Objection, pointing to several cases in which we have discussed dismissal as an appropriate sanction for misconduct. *See* Appellants' Br. at 16-17. These cases are inapposite for two reasons. First, the bankruptcy court did not strike Advantage's Objection as a "sanction" for misconduct but because Wolff as a non-lawyer was not authorized to file it on the corporation's behalf. Second, the court did not dismiss the action or otherwise terminate Advantage's involvement in it. The court merely struck a single document that should not have been accepted for filing. Advantage was free to continue participating in the bankruptcy proceeding by obtaining legal counsel to represent it at the December 21, 2007 hearing or to seek reconsideration of the settlement approval thereafter, making the same arguments in bankruptcy court Advantage made in district court and here. Instead, foregoing available remedies in the bankruptcy court, Advantage filed a notice of appeal to the district court, where it faced the heavy burden of demonstrating abuse of discretion—a burden it could not carry. Because the bankruptcy court acted within its discretion in striking the Objection, we affirm the district court's affirmance of the Striking Order.

### B. Wolff's Appellate Standing

Next, Wolff appeals the district court's decision to strike him as an appellant. The court concluded that Wolff lacked prudential standing under the Bankruptcy Code to appeal the bankruptcy court's Settlement Approval Order because Wolff was not a "person aggrieved" by the order. In *McGuirl v. White*,

86 F.3d 1232 (D.C. Cir. 1996), this court recognized the "rule that limits standing to appeal bankruptcy court orders to a 'person aggrieved,' " 86 F.3d at 1234, that is, to one " 'whose rights or interests are 'directly and adversely affected pecuniarily' by the order or decree of the bankruptcy court,' " *id*. (quoting *In re El San Juan Hotel,* 809 F.2d 151, 154 (1st Cir. 1987) (quoting *In re Fondiller,* 707 F.2d 441, 442 (9th Cir. 1983))).[6] Without such a limit, we explained, the bankruptcy courts might be "overwhelm[ed] . . . with claims by the many parties indirectly affected by bankruptcy court orders." *Id*. at 1235 (citing *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995); *Fondiller*, 707 F.2d at 443). On appeal, however, Wolff does not assert he is a "person aggrieved," as he did in district court, 391 B.R. at 340-41, but argues instead that he has standing as a "party in interest." We disagree.

Wolff contends that the Bankruptcy Code expressly authorizes an appeal by one who is a "party in interest" in the bankruptcy proceeding, relying on 11 U.S.C. § 1109(b), which provides:

---

[6] "[T]he 'person aggrieved' standard derives from a former provision of the bankruptcy code." *McGuirl*, 86 F.3d at 1234 (citing 11 U.S.C. § 67(c) (1976) (repealed 1978)). Although the provision has been repealed, circuit courts have continued to apply its limitation. *See In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332, 1334 (11th Cir. 2002) (citing *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995); *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 585 (7th Cir. 1994); *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989); *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 641-42 (2d Cir. 1988); *In re El San Juan Hotel,* 809 F.2d 151, 154 (1st Cir. 1987); *In re L.T. Ruth Coal Co.*, No. 85-5990, 1986 WL 17769 (6th Cir. Sept. 17, 1986) (unpublished); *In re Fondiller*, 707 F.2d 441, 442-43 (9th Cir. 1983)); *accord In re Coho Energy Inc.* 395 F.3d 198, 202 (5th Cir. 2004).

> (b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

On its face, however, this language applies only to "a case under this chapter," that is, under Chapter 11 of the Bankruptcy Code, and Chapter 11 governs only proceedings in the bankruptcy court, not appeals therefrom. *See In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1502 (10th Cir. 1994) ("Section 1109(b) says nothing about a party's standing to appeal."); *In re PWS Holding Corp.*, 228 F.3d 224, 248-49 (3d Cir. 2000) (§ 1109(b) "confers broad standing at the trial level" but "courts do not extend that provision to appellate standing"). Consequently, Wolff's standing in district court is governed by the rule we recognized in *McGuirl*—limiting bankruptcy appeals to "persons aggrieved"—and Wolff does not challenge the district court's conclusion that he was not a "person aggrieved" because his "rights or interests" were not "directly and adversely affected pecuniarily" by the order. *McGuirl*, 86 F.3d at 1234 (internal quotation omitted). Accordingly, Wolff lacked prudential standing to appeal the Settlement Approval Order.

For the foregoing reasons, we affirm the judgment of the district court.

*So ordered.*