**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 09-1722 (GK) |
| | : | |
| J&J PAINTING & MAINTENANCE, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Plaintiffs, a union pension fund and its fiduciary who is being sued in his official capacity, have brought this lawsuit against the Defendant for failure to make any contribution on behalf of its employees to the pension fund as required by the Labor Contracts, Trust Agreement, and the Rules. On November 2, 2009, Mr. James P. Willis, on behalf of Defendant, requested and was granted additional time to obtain counsel in this case [Dkt. No. 6 and 7]. Instead of obtaining counsel, Mr. Willis filed the pending Motion to Dismiss [Dkt. No. 8].

There appears to be disagreement between the parties as to whether Defendant is, as it states in its reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, "incorporated in the State of Delaware and recognized as a corporation for all federal, state, and local governmental agencies and organizations," Motion to Deny Plaintiffs Memorandum of Law and Grant Defendant's Motion to Dismiss at 1-2 [Dkt. No. 12], or, as Plaintiffs allege, an unincorporated business in the State of Pennsylvania . Assuming that Defendant is correct about its own corporate status, the papers filed by James P. Willis on behalf of the Defendant corporation are properly struck from the record

because Mr. Willis is ineligible to represent the Defendant corporation in a legal capacity.[1] However, the Court need not deny Defendant's Motion on that procedural basis because, for the following reasons, the Motion to Dismiss must be denied on substantive grounds.

First, the Motion to Dismiss is totally premature. There has been no discovery in this case, and Plaintiffs have not had an opportunity to fully investigate and prepare their case. Consequently, denial of the Motion is appropriate. Ikossi v. Dept. of Navy, 516 F.3d 1037, 1045 (D.C. Cir. 2008).

Second, whether Defendant's Motion is considered as a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or as a Motion for Summary Judgment under Fed. R. Civ. P. 56, it has no merit for one overriding reason. It is clear that there are basic facts in dispute between the parties, i.e., whether Defendant failed to make the pension fund payments to Plaintiffs as required under the applicable contractual agreements.

If Defendant's Motion is considered as a Motion to Dismiss, it must be denied because at such an early stage of the litigation, all of Plaintiffs' allegations must be accepted as true; moreover, Plaintiffs have clearly stated a cause of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 502(g) for which relief may be granted. If Defendant's Motion is considered as a Motion for Summary Judgment, it must be denied because there are disputed issues of material fact.

Finally, in order to move this case forward, a separate Scheduling Order is being entered.

---

[1] Our Court of Appeals has ruled that " 'it has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.' " In Matter of Greater Southeast Hosp. Foundation v. Potter, 586 F.3d 1 4-5 (D.C. Cir. 2009), citing Roland v. Col. Men's Colony, 506 U.S. 194, 201-02 (1993).

**WHEREFORE**, Defendant's Motion to Dismiss Civil Suit is **denied**.[2]

August 13, 2010

/s/

Gladys Kessler
United States District Judge

---

[2] It is clear from the papers filed by Mr. Willis that it is in Defendant's best interest to obtain counsel as soon as possible.