**180 EAST BROAD PARTNERS LLC, Plaintiff,**

v.

**OHIO DEPARTMENT OF TAXATION, et al., Defendants.**

Civil Case No. 13-1285 (RJL)

United States District Court, District of Columbia.

Filed 01/09/2014

Federal Reserve Association of Fite & Co. Holdings Pass-Through Entity Canton, OH, pro se.

Kristopher J. Armstrong, Ohio Attorney General, Columbus, OH, for Defendants.

## MEMORANDUM ORDER

RICHARD J. LEON, United States District Judge

On August 23, 2013, Ralph J. Bradley, proceeding *pro se*, filed a complaint purportedly on behalf of plaintiff 180 East Broad Partners LLC. *See* Compl. [Dkt. # 1]; Civil Cover Sheet [Dkt. # 1-1] (identifying plaintiff as "Federal Reserve Association Of Fite & Co. Holdings Pass-Through Entity, Doing Business As 180 East Broad Partners LLC"). The complaint appears to challenge foreclosure proceedings pending in an Ohio state court. Before this Court is the Motion to Dismiss of Defendants Ohio Department of Taxation and the Ohio Attorney General's Office [Dkt. # 3]. For the following reasons, the Court will GRANT defendants' motion and DISMISS the complaint.

As a threshold matter, plaintiff 180 East Broad Partners LLC is an artificial entity that is not properly before this Court because it is not represented by counsel, and therefore its complaint must be dismissed. " 'It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.' " *In*

*re Greater Se. Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4–5 (D.C. Cir. 2009) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)). "[T]he rationale for that rule applies equally to all artificial entities," *Rowland*, 506 U.S. at 202, 113 S.Ct. 716, and therefore 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*," *id.* (emphasis added), "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney," *Rowland*, 506 U.S. at 202, 113 S.Ct. 716.

 Here, Mr. Bradley does not dispute that he is not an attorney. *See* Pl.'s Response to Advisory Order Concerning Defs.' Mot. Dismiss [Dkt. # 5] at 4. Accordingly, even assuming that Mr. Bradley is a shareholder, officer, or authorized representative of plaintiff 180 East Broad Partners LLC—which is not at all clear from the complaint and its associated documentation—he may not represent that entity before this Court. *See American Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984) ("it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*" (internal quotation marks and citation omitted)); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990). And therefore the complaint must be dismissed. *See Prunte v. Universal Music Grp.*, 484 F.Supp.2d 32, 37–38 (D.D.C. 2007) (dismissing all claims by co-plaintiff company because it was an artificial entity not represented by counsel); *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cnty.*, 543 F.2d 32, 33-34 (7th Cir. 1976) (affirming dismissal of complaint filed by non-lawyer president of non-profit corpo-

ration in the name of the corporation). Accordingly, it is hereby

**ORDERED** that defendants' Motion to Dismiss [Dkt. # 3] is GRANTED; and it is further

**ORDERED** that plaintiff 180 East Broad Partners LLC's Complaint [Dkt. # 1] is DISMISSED.

**SO ORDERED.**