# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11165

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

MICHAEL S. TORRES,

      Appellant

v.

JEFFREY TRE KRUEGER,

      Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-488

---

Before STEWART, Chief Judge, BARKSDALE, and GRAVES, Circuit Judges.

PER CURIAM:*

      Michael Torres appeals the district court's dismissal of the claims of Cru Energy, Inc., an unrepresented corporation, and its denial of Torres' motions to file derivative claims or as a substituted party for Cru in a bankruptcy action by Jeffrey Tre Krueger. Because the district court did not abuse its discretion, we AFFIRM.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11165

## FACTS AND PROCEDURAL HISTORY

Jeffrey Tre Krueger and Michael Torres co-founded Cru Energy, Inc., a renewable energy company, in 2010.  In 2011, the parties became involved in a dispute over the ownership and management of Cru.  Krueger sued Torres in state court for breach of fiduciary duty, fraud, conversion, and other theories of recovery.  Torres counterclaimed with similar theories of recovery against Krueger.  During the state court litigation, Torres sought and obtained a temporary restraining order and two temporary injunctions against Krueger.  Krueger allegedly violated the temporary injunction by transferring funds from Cru's bank account.

On January 18, 2012, prior to any contempt proceedings for violations of the injunction, Krueger filed a petition for Chapter 7 bankruptcy, resulting in an automatic stay.  Cru filed a motion for relief from the automatic stay and the bankruptcy court lifted the stay to allow Cru to pursue contempt charges.

On July 17, 2012, Cru, along with other parties not involved in this appeal, filed an adversary proceeding objecting to Krueger's discharge in bankruptcy under 11 U.S.C. §§ 523 and 727.  The bankruptcy court later granted Krueger's motion to withdraw reference and Cru's complaint was transferred to the district court.

On September 6, 2012, Krueger was held in contempt in the state court proceedings.  In December of 2012, Krueger was found to be in violation of the temporary injunction and sentenced to 125 days in jail.  However, on May 16, 2013, the Court of Appeals of Texas granted Krueger habeas relief and voided the state court's contempt order on the basis that the injunction violated the specificity requirements of Rule 683 of the Texas Rules of Civil Procedure.  *In re Krueger*, No. 03-12-00838-CV, 2013 WL 2157765 (Tex. App. May 16, 2013).  On May 31, 2013, Krueger held a Cru shareholders' meeting, during which

No. 13-11165

Torres was removed as director and Krueger was re-elected as a director.[1]  In a later board meeting, Torres was removed as president of Cru and Krueger was elected chairman of the board, president, and chief executive officer of Cru. The board also voted to fire the attorneys who had represented Cru while it was under Torres' control and to dismiss all of Cru's claims against Krueger.

On July 31, 2013, the district court ordered Krueger, Torres and Cru to each file "a document providing the court his or its comments and views" on the court's proposed dismissal of all claims asserted by Cru based on the fact that Cru no longer had an attorney of record, unless an attorney entered an appearance on behalf of Cru.  The district court ordered the responses to be filed by 4 p.m. on August 7, 2013.  Krueger filed a response to the court order. Neither Torres nor Cru responded as ordered.  Instead, Torres filed a response to Krueger's motion to dismiss Torres' untimely objection to Krueger's discharge, a motion to extend time for filing objections to discharge, a motion to substitute himself for Cru, and a derivative motion for leave to intervene on behalf of Cru.

On September 24, 2013, the district court entered an Order Dismissing Claims of Cru Energy, Inc., and Denying Motions and a final judgment.  The court then denied Torres' motions for substitution and to intervene.

On September 25, 2013, the district court entered an order which referred the motions it had denied, including Torres' motions to substitute and intervene, back to the bankruptcy court and ordered that the motions were denied without prejudice to the refiling of any of the motions in the bankruptcy court.  Thereafter, Torres filed this appeal.

---

[1] Torres sought a temporary restraining order and preliminary injunction in district court to bar Krueger from attempting to hold the shareholders' meeting in violation of the Travis County court order, which had been voided.  However, the district court denied the relief.

3

No. 13-11165

Subsequently, the bankruptcy court granted Krueger's motion to sell his shares of stock in Cru at an auction conducted by the Chapter 7 trustee. Thus, Krueger is no longer a shareholder. On May 6, 2014, on motion of Torres, the bankruptcy court ordered the dismissal of Krueger's bankruptcy. Torres filed a motion to supplement the record in this appeal by including the bankruptcy opinion. The motion was granted, along with Torres' motion for supplemental briefing on the impact of the bankruptcy opinion on this appeal.

## STANDARD OF REVIEW

This court reviews a Federal Rule of Civil Procedure 41(b) dismissal for failure to prosecute or to comply with any court order for abuse of discretion. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Rule 41(b) dismissals will be affirmed only upon a showing of a clear record of delay or contumacious conduct and where lesser sanctions are not sufficient. *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982). This court has affirmed 41(b) dismissals where it has found one or more of the following aggravating factors: "(1) delay attributable directly to the plaintiff, rather than his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct." *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Additionally, this court looks at the degree of actual prejudice to the defendant from the plaintiff's failure to comply with a court order. *Pardee v. Moses*, 605 F.2d 865, 867 (5th Cir. 1979).

## DISCUSSION

Torres asserts that the district court abused its discretion in dismissing Cru's claims under Rule 41(b) without considering the less stringent measures of allowing him to assert claims derivatively on behalf of Cru or as the substituted party for Cru.

There is no dispute that Cru was not represented by counsel. This court has previously affirmed dismissals of claims or striking of pleadings of

No. 13-11165

unrepresented corporations. *See Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. Unit B July 1981).

A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any court order. *See* Fed. R. Civ. P. 41(b). Cru failed to respond to the district court's show cause order. Torres also failed to respond directly to the court's order and instead filed other pleadings.

A "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1. This court also reviews the denial of a derivative claim under an abuse of discretion standard. *Smith v. Ayres*, 977 F.2d 946, 948 (5th Cir. 1992). Torres offers nothing to suggest that he fairly and adequately represents the interests of shareholders or members who are similarly situated.

Torres asserts that the district court erred in not granting his substitution under Rule 25 and 11 U.S.C. § 727. Rule 25 provides that: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). There was no such transfer here. Further, Section 727 only applies to whether the debtor is granted a discharge and this issue is rendered moot by the bankruptcy court's dismissal of Krueger's bankruptcy.

In dismissing, the court said:

> The court interprets the thrust of the documents filed by Torres to be that Torres concedes that the court would be acting appropriately by ordering dismissal of the claims asserted by Cru in this action so long as the court were to substitute Torres for Cru

5

to assert against Krueger the claims that are now being asserted by Cru.

The court further found that:

> To whatever extent Torres purports to be pursuing causes of action against Krueger derivatively on behalf of Cru, the court concludes that Torres is not in a position procedurally or otherwise to pursue a cause of action or causes of action against Krueger on behalf of Cru, nor is the court persuaded that Torres should be substituted for Cru as the plaintiff in this action.

Regardless of whatever conduct Krueger may have engaged in during the bankruptcy proceeding or any poor legal strategy of the parties, Torres fails to establish that the district court abused its discretion.

Further, upon referral of the remaining adversary proceeding back to bankruptcy court, Torres renewed two motions that were filed in district court and denied without prejudice. Specifically, Torres moved to dismiss the bankruptcy case with prejudice, and, alternatively, he asked for additional time to file an objection to Krueger's discharge. The bankruptcy court granted Torres' motion to dismiss the bankruptcy case with prejudice.

Importantly, what Cru sought before Krueger moved to withdraw reference of the adversary proceeding to the district court, was to deny Krueger's discharge and to determine that Krueger's debts were non-dischargeable.[2] Upon referral back to bankruptcy court, Torres essentially received the very relief he sought on behalf of Cru and which is the basis for this appeal. Further, Torres had the ability to refile his multiple motions, including the motions to intervene and assert claims derivatively on behalf of

---

[2] In Torres' motion for summary judgment, which was denied without prejudice to refile in the bankruptcy court, he argued that Krueger lacked standing to assert a counter-claim against him and that only the Chapter 7 trustee had standing to assert such claims. He also asked the court to declare the May 31, 2013, shareholders' meeting invalid because only the Chapter 7 trustee had authority to administer stock in Cru.

No. 13-11165

Cru or as the substituted party for Cru. Based on the bankruptcy court opinion, Torres instead chose to file a motion to dismiss, which was granted. Despite whatever derivative tort claims Torres would now like to file, Cru did not assert any such claims pursuant to the bankruptcy and Torres has failed to establish that the district court abused its discretion.[3] Additionally, Torres has failed to establish actual prejudice. *See Callip*, 757 F.2d at 1519.

For these reasons, we conclude that the district court did not abuse its discretion. Thus, we AFFIRM the district court's dismissal of Cru's claims and its denial and dismissal of Torres' motions.

---

[3] This is notwithstanding any state court action involving breach of fiduciary duty, fraud, conversion, etc.

7