UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 99-2496 (PLF) |
| | ) |
| PHILIP MORRIS USA INC., et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER #83 – REMAND

This matter comes before the "emergency motion for payment due and owing by tobacco defendants for court-ordered corrective statement tobacco advertising campaign in newspapers and motion for sanctions," filed on behalf of the Little Rock Sun Community Newspaper on April 4, 2018. Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, and Altria Group, Inc. filed an opposition to the motion on April 30, 2018.

The instant motion was filed on behalf of the Little Rock Sun Community Newspaper by its publisher, Dr. Julius J. Larry, III. See Mot. at 1, 5. In the motion, Dr. Larry represents that the newspaper published a five-run series of corrective statements in accordance with the newspaper's agreement with defendants and their agents, an agreement which defendants entered in order to fulfill their obligations under the Second Superseding Consent Order Implementing the Corrective Statements Remedy for Newspapers and Television (Order #72-Remand) issued in this case. Dr. Larry explains, however, that defendants have "failed and refused to pay [the newspaper's invoices] after numerous telephone and email attempts." See id. at 3. He alleges instead the existence of an "illicit, conspiratorial and collusive 'contract' to

convert and defraud the Little Rock Sun Community Newspaper of its $99,400." See id. at 4. And, as a result, he asks the Court to "[o]rder defendants to pay the Invoice or that the Court issue $99,400 from any monies defendants deposited in the Court's Registry; and sanction defendants for this type of chicanery and fraud and for such other relief, at law and in equity, such that Justice is served." See id. at 5. In support of these representations and requests, the motion includes Dr. Larry's own sworn affidavit as an attachment and the allegedly unpaid invoice.

Having reviewed the relevant filings and the entire record in this case, the Court determines that the instant motion must be denied. The Little Rock Sun Community Newspaper is not a party to this case, nor has it asserted any valid grounds for intervention. See FED. R. CIV. P. 24; In re Idaho Conservation League, 811 F.3d 502, 513-15 (D.C. Cir. 2016). To the contrary, the newspaper's motion raises what appears to be a distinct contract dispute. Any alleged breach of a private contract with the newspaper and any related fraud on the part of defendants would not share common questions of law or fact with this case, the merits of which have long been resolved. See FED. R. CIV. P. 24(b)(1)(B). As a result, the issues alleged by the newspaper in its motion would be more appropriately resolved in a separate legal action.

Furthermore, the Court notes that an artificial legal entity such as a corporation, limited liability company, or association may only appear before this Court through a licensed attorney. See, e.g., Greater Southeast Cmty. Hosp. Found., Inc. v. Potter, 586 F.3d 1, 4-5 (D.C. Cir. 2009); Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007). Because he does not appear to be a licensed attorney, Dr. Larry may not represent what appears to be a limited liability company before this Court simply because he is the newspaper's publisher. See also Opp'n to

2

Mot. Ex. C.  Thus, the Court must also deny the instant motion because it was not filed by counsel.

For the foregoing reasons, it is hereby

ORDERED that the Little Rock Sun Community Newspaper's motion [Dkt. No. 6255] is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 24, 2018

3