**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIONEER ROOFING ORGANIZATION, | No. 17-15296 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 3:15-cv-03544-JD |
| v. | |
| LOCAL JOINT ADJUSTMENT SMART BOARD LOCAL UNION NO. 104, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| SHEET METAL WORKERS' LOCAL UNION NO. 104, | |
| Defendant-counter-claimant-Appellee. | |

| | |
|---|---|
| PIONEER ROOFING ORGANIZATION, | No. 17-15782 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 3:15-cv-03544-JD |
| v. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LOCAL JOINT ADJUSTMENT SMART
BOARD LOCAL UNION NO. 104,

Defendant-Appellee,

SHEET METAL WORKERS' LOCAL
UNION NO. 104,

Defendant-counter-claimant-
Appellee.

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted April 12, 2018
San Francisco, California

Before: WARDLAW and NGUYEN, Circuit Judges, and OLIVER,** District Judge.

Pioneer Roofing Organization ("PRO") appeals an order of the United States District Court for the Northern District of California granting summary judgment in favor of Sheet Metal Workers' Local Union No. 104 ("Local 104") on PRO's petition to vacate the arbitrator's award, as well as on Local 104's counterclaim to enforce the arbitrator's award. PRO also appeals the district court's order granting Local 104 attorneys' fees and costs. We have jurisdiction pursuant to 28 U.S.C. §

---

** The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1291.  For the following reasons, we affirm both orders of the district court.

1. (a)  The district court properly granted summary judgment on PRO's petition to vacate the arbitrator's award, as well as on Local 104's counterclaim to enforce the arbitrator's award. We review a district court's grant of summary judgment de novo. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). When reviewing a labor arbitration award, we afford a "'nearly unparalleled degree of deference' to the arbitrator's decision."  *See Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2016) (quoting *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1204–05 (9th Cir. 1989) (en banc)), *cert. denied*, 137 S. Ct. 829 (2017).  PRO argues that the arbitrator lacked authority to resolve the underlying grievance because said grievance was a jurisdictional dispute not subject to arbitration.  However, we find that PRO waived its arbitrability challenge by failing to preserve the issue through either of the two recognized methods for doing so.  *See Van Waters & Rogers Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 913 F.2d 736, 740 (9th Cir. 1990) (quoting *George Day Constr. Co. v. Carpenters Local 354*, 722 F.2d 1471, 1475 (9th Cir. 1984)) (stating that there are "two methods by which a party submitting to arbitration may preserve arbitrability issues for judicial review: a party may (1) 'object[ ] to the arbitrator's authority, refuse[ ] to argue the

3

arbitrability issue before him, and proceed [ ] to the merits of the grievance'; or (2) 'make[ ] an objection as to jurisdiction and an express reservation of the question on the record.'").

(b) PRO also argues that the arbitrator's award does not draw its essence from the collective bargaining agreement between the parties and constitutes a manifest disregard of the law. However, PRO has failed to point to any place in the record where the arbitrator recognized and ignored controlling law. *See Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995), *as amended* (Feb. 8, 1995) (citation omitted) (stating that a finding of manifest disregard of the law requires that it "be clear from the record that the arbitrators recognized the applicable law and then ignored it."). Consequently, we find that the arbitrator's award draws its essence from the collective bargaining agreement.

2. PRO argues that the award of attorneys' fees and costs by the district court pursuant to the fees provision of the collective bargaining agreement should be reversed solely because the district court erred in its underlying ruling upholding the arbitrator's award. Having affirmed the district court's ruling upholding the arbitrator's award, it follows that we must also affirm the award of attorneys' fees and costs by the district court. *See Bosack v. Soward*, 586 F.3d

4

1096, 1107 (9th Cir. 2009) ("Because we affirm the district court's confirmation of the arbitration awards, we also affirm the award of attorney fees and costs."). Thus, we affirm the district court's ruling ordering PRO to pay Local 104's attorneys' fees and costs in the amount of $240,730.88.

**AFFIRMED.**